# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-895V
UNPUBLISHED

MAXFEL GOODSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: November 12, 2020

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

*Andrew Donald Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On June 19, 2019, Maxfel Goodson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left-sided shoulder injury related to vaccine administration ("SIRVA") as a result of her October 4, 2018 influenza ("flu") vaccination. Petition at 1, 4-5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 10, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report Conceding Entitlement to Compensation and Proffer on Damages at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent indicates that he

> has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate. DICP has concluded that petitioner's alleged injury is consistent with SIRVA, as defined on the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation or dysfunction in her left shoulder; her pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; her symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms. 42 C.F.R. § 100.3(a), (c)(10).

*Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
